No. 03-391

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 235

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

BRYAN JAMES REDLICH,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and for the County of Beaverhead, Cause No. DC 2002-2905,
The Honorable Loren Tucker, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Wendy Holton, Attorney at Law, Helena, Montana

    For Respondent:

        Hon. Mike McGrath, Attorney General; Jim Wheelis,
Assistant Attorney General, Helena, Montana

        W. G. Gilbert, III, City Attorney, Dillon, Montana

Submitted on Briefs:  December 11, 2003

Decided:  August 31, 2004

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1      Bryan James Redlich (Redlich) appeals from an order of the Fifth Judicial District Court, Beaverhead County, entered on March 28, 2003, denying his motion to suppress evidence obtained after a warrantless search of a home he occupied as a party guest. We affirm.

¶2      The issue on appeal is whether the District Court erred in denying Redlich's motion to suppress.

## BACKGROUND, STANDARD OF REVIEW AND DISCUSSION

¶3      Redlich's appeal stems from the same facts as *State v. Smith,* 2004 MT 234, 322 Mont. 466, ___ P.3d ___. We need not recite the facts and standard of review here; instead we refer the reader to our opinion in *Smith*. The only relevant difference is that upon entering the apartment, the officers found Redlich in a bedroom rather than in the bathroom, where they found Smith. Redlich was charged with Unlawful Transactions with Children and Underage Possession of Alcohol. Like Smith, Redlich filed a motion to suppress evidence obtained during the warrantless search of the apartment. Redlich appeals the denial of said motion.

¶4      Based on the same rationale as we set forth in *¶¶* 8-11 of *Smith*, we affirm the District Court. The District Court did not err by denying Redlich's motion to suppress. Redlich did not have a reasonable expectation of privacy from the police in the common areas of the apartment, and thus did not having standing to challenge the search.

¶5      Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE